UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MOORE; LISE Y. MOORE;
SABRIA MOORE; and JALIA GRAHAM,

                   Plaintiffs,

          v.                        5:16-CV-1230
                                   (DNH/TWD)

MICHAEL KELLER; PAUL DAUGHERTY;
MICHAEL JORGENSEN; JOSEPH NAPPO;
STEPHEN MAUSER; and JULIE SUNSER,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

SIDNEY P. COMINSKY, LLC              SIDNEY P. COMINSKY, ESQ.
Attorney for Plaintiffs
1500 State Tower Building
Syracuse, NY 13202

HON. ERIC T. SCHNEIDERMAN          AIMEE M. PAQUETTE, ESQ.
Attorney General for the State of New York   Ass't Attorney General
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204


DAVID N. HURD
United States District Judge

## DECISION and ORDER

      Plaintiffs Michael Moore, Lise Y. Moore, Sabria Moore, and Jalia Graham brought

suit against defendants Michael Keller, Paul Daugherty, Michael Jorgensen, Joseph Nappo,

Stephen Mauser, and Julie Sunser in New York State Supreme Court, Onondaga County. The Complaint alleges civil rights and constitutional violations as well as state common law claims arising out of incidents that occurred at the State University of New York, Upstate University Hospital in Syracuse, New York.

Defendants removed the suit to this Court based upon federal question jurisdiction. Plaintiffs now move to remand all claims, both federal and state. Defendants opposed and plaintiffs replied. Oral argument was heard today, August 30, 2017, in Utica, New York. Decision was reserved.

Once a case has been properly removed, a federal court must generally entertain all claims over which it has original jurisdiction. Riano v. Town of Schroeppel ex rel. Town Bd. of Town of Schroeppel, No. 5:13-CV-352, 2013 WL 5702263, at *7 (N.D.N.Y. Oct. 18, 2013) (D'Agostino, J.) (citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996)). Defendants' removal was proper because the Complaint raises questions of federal law, specifically violations of 42 U.S.C. § 1983. Plaintiffs contend remand of all claims is nevertheless appropriate because the state law claims raise novel or complex issues of state law relating to New York Mental Hygiene Law, they substantially predominate over the federal claim, and judicial economy would be served by remand and consolidation of plaintiffs' various pending state court lawsuits.

There is no authority to remand plaintiffs' federal claim at this stage. There is substantial precedent in the Second Circuit which holds that neither the removal statute, 28 U.S.C. § 1441, nor the supplemental jurisdiction statute, 28 U.S.C. § 1367, authorizes a federal court to remand claims over which it has original jurisdiction. Riano, 2013 WL 5702263, at *7 (collecting cases). Accordingly, there is "an obligation to exercise jurisdiction

over federal claims" properly presented here. Id. (quotations omitted). The Section 1983 claim cannot be remanded for this reason.

The next inquiry turns to whether the exercise of supplemental jurisdiction over plaintiffs' state law claims is appropriate. See Riano, 2013 WL 5702263, at *7. The state law claims are related to the federal claim such that they form part of the same case or controversy, satisfying the first requirement of supplemental jurisdiction. Consideration of the factors laid out in 28 U.S.C. § 1367(c) further support the exercise of supplemental jurisdiction in this matter. The state law claims do not raise novel or complex issues of state law, they do not substantially predominate over the federal claim,[1] the federal claim still remains, and there are no exceptional circumstances or compelling reasons for declining jurisdiction. See § 1367(c).

Original jurisdiction exists over the federal claim and supplemental jurisdiction is proper over the state law claims. Accordingly, plaintiffs' motion to remand will be denied and all claims will remain here.[2]

Therefore, it is

ORDERED that

Plaintiffs' motion to remand is DENIED.

IT IS SO ORDERED.

---

[1] While plaintiffs may have only referenced 42 U.S.C. § 1983 in the first cause of action, several other causes of action including the seventh, eighth, ninth, and tenth, either sound in a federal question, appear to be federal claims artfully pled as state law claims, or are claims in which federal courts routinely apply the same standard to the state law claim as they would the federal law claim. Furthermore, these counts do not allege whether they are brought under New York or federal law.

[2] Should plaintiffs elect to voluntarily dismiss the 42 U.S.C. § 1983 claim on the merits, with prejudice, they would be free to make a renewed motion to remand at that time.

_____
United States District Judge

Dated: August 31, 2017
       Utica, New York.