UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LISE Y. MOORE, SABRIA
MOORE, and JALIA GRAHAM,

        Plaintiffs,

        -v-                  5:16-CV-1230

MICHAEL KELLER, MICHAEL
JORGENSEN, and JOSEPH NAPPO,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

SIDNEY P. COMINSKY, LLC               SIDNEY P. COMINSKY, ESQ.
Attorneys for Plaintiffs              SYLVIA BODE KRAUS, ESQ.
1500 State Tower Building
Syracuse, NY 13202

HON. LETITIA A. JAMES                 AIMEE COWAN, ESQ.
New York State Attorney General       Ass't Attorney General
Attorneys for Defendants
300 South State Street, Suite 300
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

## ORDER ON MOTIONS IN LIMINE

    This case is set for a jury trial on Monday, April 26, 2021 at 9:30 a.m. in

Utica, New York. The parties have moved *in limine* for pre-trial rulings on

the admissibility of certain anticipated evidence or argument. Dkt. Nos. 95, 96, 105, 106, 107.

A motion *in limine* is a motion made "on or at the threshold." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "The term is used in the broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Walker v. Schult*, 365 F. Supp. 3d 266, 275 (N.D.N.Y. 2019) (cleaned up).

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 263 (D. Conn. 2017) (cleaned up).

"Motions *in limine* may be directed toward barring specified evidence or argument and may be based on any of the grounds available under the Federal Rules of Evidence." 3 *Moore's Federal Practice* § 16.77(4)(d)(ii).

"Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Walker*, 365 F. Supp. 3d at 275 (cleaned up). "The movant has the burden of establishing that the evidence is not admissible for any purpose." *Id.* Of course, "[t]he trial judge may reserve judgment on a motion *in limine* until trial to ensure

the motion is considered in the proper factual context." *Id*.  And finally, "[t]he court's ruling regarding a motion *in limine* is subject to change when the case unfolds." *Id*.

Upon review of the parties' briefing in light of the governing evidentiary standards, it is

ORDERED that

1. Plaintiffs' motion (Dkt. No. 96) is GRANTED;

(I.A) Evidence that Michael Moore was admitted to a "psych ward" in 1973 is PRECLUDED;

(I.B) Evidence that an unverified urine test result showed Michael Moore had one or more drugs in his system is PRECLUDED;

(II.A) Evidence that Michael Moore may have had a prior physical altercation with one of his children, along with evidence of any of Michael Moore's prior criminal convictions, is PRECLUDED;

(II.B)  Defendants may refer to the plaintiff Lise Y. Moore as a "step-mother," but any specific evidence that she is not the biological mother of plaintiffs Sabria Moore and Jalia Graham is otherwise PRECLUDED;

(III.A) Evidence that plaintiff Sabria Moore was subsequently charged with theft by shoplifting in Georgia and petit larceny New York is PRECLUDED;

(III.B) Evidence that plaintiff Jalia Graham was subsequently charged with petit larceny in New York is PRECLUDED;

2. Defendants' motion (Dkt. No. 95) is GRANTED in part and DENIED in part;

(I) Evidence or argument regarding SUNY Upstate's potential obligation to indemnify defendants is PRECLUDED;

(II) Evidence regarding defendants' disciplinary history, personnel records, or other allegations of misconduct is PRECLUDED IN PART as follows:

(a) the employment evaluations for the named defendants are PRECLUDED;

(b) a visitor complaint filed against defendant Nappo in January of 2021 is PRECLUDED;

(c) records concerning an incident in October of 2013 that resulted in defendant Keller's termination is NOT PRECLUDED;

(III) Defendants' motion to preclude plaintiffs from introducing evidence or testimony about the dismissal of the criminal charges stemming from their arrests in this case is DENIED;

(IV) Defendants' motion to preclude plaintiffs' expert from testifying about claims brought by Michael Moore is GRANTED;

(V)  Defendants' motion to preclude plaintiffs from offering any evidence as to damages they may have sustained from Michael Moore's hospitalization is GRANTED;

(VI) Defendants' motion to preclude plaintiffs from offering testimony or evidence about lost wages is DENIED;

(VII) Defendants' motion to preclude plaintiffs' expert from offering certain opinion evidence about defendants' use of force is DENIED subject to appropriate expert qualification;

(VIII) Defendants' motion to preclude plaintiffs' expert from offering certain other opinion evidence is DENIED subject to appropriate expert qualification;

3. Plaintiffs' letter brief (Dkt. No. 105) objecting to certain aspects of defendants' witnesses' possible testimony is DENIED without prejudice to renew at trial; and

4. Plaintiffs' second letter brief (Dkt. No. 106) is DENIED as follows:

(a) plaintiffs' request to preclude testimony or evidence about defendants' promotion or current rank and duties is DENIED;

(b) plaintiffs' request for voir dire questioning about the Derek Chauvin verdict is DENIED; and

(c) plaintiffs' request for a missing witness instruction is DENIED without prejudice to renew.

IT IS SO ORDERED.

Dated: April 22, 2021
       Utica, New York.

_____
David N. Hurd
U.S. District Judge