UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LISE Y. MOORE, SABRIA
MOORE, and JALIA GRAHAM,

        Plaintiffs,

        -v-                5:16-CV-1230

MICHAEL KELLER, MICHAEL
JORGENSEN, and JOSEPH NAPPO,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                  OF COUNSEL:

SIDNEY P. COMINSKY, LLC       SIDNEY P. COMINSKY, ESQ.
Attorneys for Plaintiffs            SYLVIA BODE KRAUS, ESQ.
1500 State Tower Building
Syracuse, NY 13202

HON. LETITIA JAMES            AIMEE COWAN, ESQ.
New York State Attorney General   Ass't Attorney General
Attorneys for Defendants
300 South State Street, Suite 300
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

    On September 19, 2016, plaintiffs Michael Moore ("Michael"), Lise Y. Moore ("Lise"), Sabria Moore ("Sabria"), and Jalia Graham ("Jalia") filed this

civil rights action in Supreme Court, Onondaga County, against defendants SUNY Upstate University police officers Michael Keller ("Officer Keller"), Paul Daugherty ("Officer Daugherty"), Michael Jorgensen ("Officer Jorgensen"), Joseph Nappo ("Officer Nappo"), public safety officer Stephen Mauser ("Officer Mauser"), and registered nurse Julie Sunser ("Nurse Sunser").  Dkt. No. 1.  According to the complaint, these individuals violated 42 U.S.C. § 1983 and related state law when they forcibly prevented Michael from leaving the hospital and arrested Lise, Sabria, and Jalia.  Dkt. No. 2.

On October 11, 2016, the defendants removed the case to federal court and answered the complaint.[1]  Dkt. Nos. 1, 4.  After the plaintiffs' motion to remand was denied, *Moore v. Keller*, 2017 WL 3822053 (N.D.N.Y. Aug. 31, 2017), the parties completed discovery and then stipulated to the dismissal of Officer Daugherty, Officer Mauser, and Nurse Sunser.  Dkt. Nos. 63, 67, 68.

On April 22, 2020, Officer Keller, Officer Jorgensen, and Officer Nappo (collectively "defendants") moved under Federal Rule of Civil Procedure ("Rule") 56 for summary judgment on all of the remaining claims.  That motion was granted in part and denied in part on October 29, 2020.  *Moore v. Keller*, 498 F. Supp. 3d 335 (N.D.N.Y. 2020).  As relevant here, Lise, Sabria, and Jalia's § 1983 false arrest and excessive force claims remained for trial.

---

[1] Officer Mauser answered the complaint at a later time.  Dkt. No. 30.  A suggestion of death was filed for this defendant on September 16, 2019.  Dkt. No. 55.  The claims against him were later dismissed by stipulation.  Dkt. Nos. 63–64.

On April 29, 2021, a jury found that Officer Keller had falsely arrested Jalia and awarded her $30,000 in damages.[2] Court's Ex. No. 6. However, the jury rejected Lise and Sabria's § 1983 claims against Officers Nappo and Jorgensen. Court's Ex. Nos. 4 and 5. Both parties sought post-trial relief, which was denied in all respects on September 7, 2021. *Moore v. Keller*, 2021 WL 4066541 (N.D.N.Y.).

On October 7, 2021, Jalia ("plaintiff") moved for an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988. Dkt. No. 145. Defendants opposed the motion in part. Dkt. No. 146. The motion has been fully briefed and will be decided on the basis of the submissions without oral argument.

## II.  **DISCUSSION**

In her opening brief, plaintiff seeks an award of attorney's fees in the amount of $158,624.00 plus litigation costs of $10,797.93. Pl.'s Mem., Dkt. No. 145-7 at 13.[3] Both of these figures are broken down into line-item detail in plaintiff's various supporting submissions. *See* Exs. A–C to Cominsky Decl., Dkt. Nos. 145-2–145-4.

In opposition, defendants acknowledge that plaintiff is entitled to some amount of fees and costs as a result of the jury's favorable award but argue

---

[2] The jury also found that Officer Keller had used excessive force against Jalia, but it concluded that this force was not the proximate cause of any injury she suffered.

[3] Pagination corresponds to CM/ECF.

that (1) a reduction of the hourly rates is appropriate; (2) time entries related to defendant Mauser should be struck; and (3) some of plaintiff's litigation costs are excessive or otherwise inappropriate. Defs.' Opp'n, Dkt. No. 146 at 6–15.

In reply, plaintiff explains that her counsel "has already excluded much billable time, including multiple client meetings and client telephone conferences, from the fee request because of the loss of the firm's calendar prior to 2015." Pl.'s Reply, Dkt. No. 149 at 4. Plaintiff also opposes a reduction in fees related to defendant Mauser. *Id.*

### A. Attorney's Fees

"A court may award reasonable attorney fees to the 'prevailing party' in a § 1983 action." *Brooks v. Roberts*, 501 F. Supp. 3d 103, 110 (N.D.N.Y. 2020) (citing 42 U.S.C. § 1988(b)). "Determining whether an award of attorney's fees is appropriate requires a two-step inquiry." *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996).

First, the party must be a "prevailing party" in order to recover. *Brooks*, 501 F. Supp. 3d at 110. "A party is considered a prevailing party for purposes of awarding attorney's fees under § 1988 if the party 'succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 23

(N.D.N.Y. 2015) (D'Agostino, J.) (quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992)).[4]

Second, "the requested fee must also be reasonable." *Pino*, 101 F.3d at 237. "To determine a reasonable amount of attorneys' fees, courts use the lodestar method—the product of a reasonable hourly rate and the hours reasonably spent on the case." *Brooks*, 501 F. Supp. 3d at 111 (citation omitted).

Under the lodestar approach, the "reasonable hourly rate" is determined by reference to "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany* ("*Arbor Hill*"), 522 F.3d 182, 184 (2d Cir. 2008). As the Second Circuit has explained, "the reasonable, paying client" is one "who wishes to pay the least amount necessary to litigate the case effectively." *Id.*

To make that determination, courts must consider a number of factors, including but not limited to:

> the complexity and difficult of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends

---

[4] Defendants acknowledge that plaintiff qualifies as a "prevailing party" under the two-step approach to § 1988 fees. *See* Defs.' Opp'n at 6.

>of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d at 184.

Beyond this non-exclusive list of factors, "district courts enjoy substantial discretion in determining an appropriate fee award, and may use estimates based on their overall sense of a suit." *Brooks*, 501 F. Supp. 3d at 112 (cleaned up). Indeed, a district court may even use a "percentage deduction of the requested fees as a practical means of trimming fat from the fee application." *Id.* As the Supreme Court has explained, "[t]he essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

### 1. <u>Hourly Rates</u>

Plaintiff's motion requests fees for the work completed by four attorneys and two paralegals. In particular, plaintiff seeks: (1) a rate of $400 per hour for Sidney Cominsky, an attorney with greater than forty years' experience; (2) a rate of $250 per hour for Sylvia Bode Kraus, an attorney with between five and ten years' experience; (3) a rate of $200 per hour for Daniel Greene and Jenine Seeber, two attorneys with fewer than two years' experience; and (4) a rate of $120 per hour for Anna Poyurovsky and Nicole Wojtalewski, two

paralegals. Pl.'s Mem. at 5. Plaintiff has provided time records for these individuals and her supporting materials document their relevant experience.[5]

Defendants' opposition contends that these hourly rates should be reduced. Defs.' Opp'n at 6–11. As defendants explain, recent cases from elsewhere in this District establish that each of plaintiff's requested hourly rates are slightly higher than the norm. *Id.* Defendants argue that plaintiff's requested hourly rates should be reduced to match up with other fee awards from the Northern District. *Id.*

In determining a reasonable hourly rate, "[t]he Second Circuit has instructed district courts to consider 'all case-specific variables' including [the] factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Torcivia v. Suffolk County*, 437 F. Supp. 3d 239, 251 (E.D.N.Y. 2020). These twelve *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results

---

[5] Defendants suggest as a threshold matter that plaintiff's fee request should be denied outright because her counsel has reconstructed time records from the firm's calendar. Defs.' Opp'n at 8. However, as plaintiff points out in reply, it is permissible for counsel to aggregate contemporaneous time entries memorialized in another format into a computerized version for the purpose of seeking fees. Pl.'s Reply, Dkt. No. 149 at 4.

> obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Torcivia*, 437 F. Supp. 3d at 251 n.3 (citations omitted). Importantly, however, the trial court "need not robotically recite and make separate findings as to all twelve of the *Johnson* factors." *Id*. (cleaned up).

Upon review of the parties' briefing, the Court agrees with defendants and will reduce the hourly rates accordingly. Under the "forum rule," the reviewing court generally applies the prevailing hourly rate in the district in which it sits to calculate a presumptively reasonable fee. *Osterweil*, 92 F. Supp. 3d at 26. Thus, "[f]ees should not be awarded at higher out-of-district rates unless a reasonable client would have selected out-of-district counsel because doing so would likely . . . produce a substantially better net result." *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 290 (2d Cir. 2011) (citation omitted).

First, attorney Sidney Cominsky's hourly rate must be reduced by $50 per hour. Although plaintiff cites to fee awards in the Eastern and Southern Districts that found rates in excess of $400 per hour appropriate for attorneys with thirty or more years' experience, the prevailing rate for an experienced partner in the Northern District clocks in slightly lower at $350 per hour. *See, e.g.*, *Brooks*, 501 F. Supp. 3d at 113.

The same $50 per hour reduction must also be applied to the requested hourly rates for attorneys Sylvia Bode Kraus, Daniel Greene, and Jenine Seeber. As to attorney Kraus, recent cases in this District establish that $200 an hour is a reasonable rate for an attorney with between five and ten years' experience. *Holick v. Cellular Sales of N.Y., LLC*, 2021 WL 964206, at *3 (N.D.N.Y. Mar. 15, 2021) (Stewart, M.J.). As to attorneys Greene and Seeber, the reasonable rate for recently admitted attorneys is generally capped at $150 per hour. *Brooks*, 501 F. Supp. 3d at 113 (concluding same).

Finally, a slightly smaller reduction of $30 per hour is appropriate for the legal work performed by the two paralegals. Although plaintiff has requested $120 per hour, courts in this District have yet to cross the $90 per hour threshold for these paraprofessionals. *Brooks*, 501 F. Supp. 3d at 114; *Johnson v. Mauro*, 2019 WL 5842765, at *5 (N.D.N.Y. Nov. 7, 2019) (Sannes, J.) (adjusting paralegal rate upward to $90 per hour).

All of these adjustments will be reflected in a chart located at the conclusion of this section of the opinion.

### 2. Hours Worked

"The fee applicant also bears the burden of documenting the hours spent by counsel, and the reasonableness thereof." *Johnson*, 2019 WL 5842765, at *7 (citation omitted). "In determining a reasonable fee, the district court should exclude . . . hours that were not reasonably expended, including hours

that are excessive or redundant, or otherwise unnecessary." *Osterweil*, 92 F. Supp. 3d at 28 (cleaned up).

Plaintiff's motion seeks an award based on 492.8 total hours of work. *See* Cominsky Decl., Dkt. No. 145-1 ¶ 25. According to plaintiff, this expenditure of hours was reasonable because there was, *inter alia*, extensive discovery needed to determine what led to the events at the hospital, the need to retain a police practices expert for trial, the work involved in fending off defendants' summary judgment motion, and the labor required to prosecute the trial itself. Pl.'s Mem. at 8–9.

Defendants contend that the Court should "strike any entries relating to any claims against Defendant Mauser and reduce Plaintiff's attorneys' fees accordingly." Defs.' Opp'n at 12. According to defendants, these hours were totally unrelated to any of the claims or defenses relevant to the three defendants who actually went to trial. *Id.*

Upon review, this argument will be rejected. While it is true that the claims against defendant Mauser were eventually dismissed before trial as a result of his death, the surveillance footage made clear that he was a valuable witness / relevant defendant for the disturbance outside the elevator that led to plaintiff's arrest. Indeed, defendant Mauser's deposition testimony was presented to the jury at trial.

"The relevant inquiry for the court 'is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Osterweil*, 92 F. Supp. 3d at 28 (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). Because a reasonable attorney would have engaged in similar time expenditures vis-à-vis defendant Mauser during the course of this litigation, defendants' request to strike the fees related to this defendant will be denied.

### 3. **Trial Travel**

Plaintiff's motion also seeks attorney's fees related to deposition travel for attorney Sidney Cominsky and trial travel for attorneys Sidney Cominsky and Sylvia Bode Kraus. Ex. A to Cominsky Decl. at 12, 16–17. As defendants point out, "[t]he general rule for courts within the Second Circuit is to compensate travel time 'at half the usual hourly rate.'" *Montanez v. City of Syracuse*, 2020 WL 5123134, at *6 (N.D.N.Y. Aug. 31, 2020) (Sannes, J.) (quoting *Critchlow v. First Unum Life Ins. Co.*, 377 F. Supp. 2d 337, 343 n.1 (W.D.N.Y. 2005)). This adjustment will also be reflected in the revised chart set forth below.

When the adjustments discussed are applied, the following results:

| Hours by Professional | | Billable Rate | Total |
|---|---|---|---|
| Sidney P. Cominsky, Esq. | 223.5 | $350.00 | $78,225.00 |
| Cominsky Travel | 20.0 | $175.00 | $3,500.00 |
| Sylvia Bode Kraus, Esq. | 223.6 | $200.00 | $44,720.00 |
| Kraus Travel | 8.0 | $100.00 | $800.00 |
| Daniel Greene, Esq. | 10.3 | $150.00 | $1,545.00 |
| Jenine Seeber, Esq. | 4.7 | $150.00 | $705.00 |
| Anna Poyurovsky, Paralegal | 1.0 | $90.00 | $90.00 |
| Nicole Wojtalewski, Paralegal | 1.7 | $90.00 | $153.00 |
| **Total Hours:** | **492.8** | **Total Fee:** | **$129,738.00** |

## B. Expert Fees

Defendants go on to object to certain fees and litigation costs associated with plaintiff's expert. First, defendants contend that the expert's use of a flat rate invoice for the time spent in a pre-trial deposition is improper and should only be reimbursed for the actual length of the preparation and deposition. Defs.' Opp'n at 13–14. Second, defendants' object to the taxing of costs related to the expert's trial travel and preparation. *Id.* at 14–15.

Upon review, these objections must be sustained in part. "Flat fees for experts are generally considered to be unreasonable." *Nnodimele v. City of*

*N.Y.*, 2015 WL 4461008, at *2 (E.D.N.Y. July 21, 2015); *see also Addison v. Gordon*, 338 F.R.D. 577, 579 (S.D.N.Y. 2021) (concluding same).  Defendants' submissions establish that plaintiff's expert expended a total of 11.2 hours of actual work, and plaintiff's expert's own bill establishes that he ordinarily charges an hourly rate of $200.  Ex. A to Cowan Decl., Dkt. No. 146-2.  Accordingly, the appropriate fee for plaintiff's expert deposition is $2,240.

Defendants' second request will be granted in part and denied in part.  "[E]xpert fees are not recoverable as costs" by the prevailing party in a § 1983 action.  *Montanez*, 2020 WL 5123134, at *15.  Accordingly, plaintiff's expert's travel fee cannot be recovered as part of the litigation costs.  However, defendants also object to plaintiff's attorney's billing record for "trial preparation (Dkt. No. 145-2 at p. 16)."  Although there is a time entry for "[m]eeting with expert for trial prep," this time entry reflects time billed for attorney work, not an expert's fee, and will not be reduced.

## III.  CONCLUSION

Although plaintiff's counsel's fee award must be somewhat reduced in light of the governing principles of law set forth *supra*, the Court declines to impose any other reduction in light of the relatively favorable result that counsel obtained for their client.

Therefore, it is

ORDERED that

1. Plaintiffs' motion for attorney's fees is GRANTED in part and DENIED in part;

2. Plaintiff's motion for litigation costs is GRANTED in part and DENIED in part;

3. Plaintiffs are awarded $129,738.00 in attorney's fees;

4. Plaintiffs are awarded $8,197.70 in litigation costs.

The Clerk of the Court is directed to terminate the pending motion.

IT IS SO ORDERED.

_____
David N. Hurd
U.S. District Judge

Dated: November 22, 2021
       Utica, New York.